**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

| | |
|---|---|
| In re: | Case No.: 23-10286-RAM |
| PEDRO AURELIO DE AZEVEDO CUNHA, | Chapter 13 |
| _____Debtor._____/ | |

**OBJECTION TO CLAIM ON SHORTENED NOTICE**

*IMPORTANT NOTICE TO CREDITOR:  THIS IS AN OBJECTION TO YOUR CLAIM*

*This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf.  Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended. Upon the filing of this objection an expedited hearing on this objection will be scheduled on the date already scheduled for the confirmation hearing in accordance with Local Rule 3007-1(B)(2).*

Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1(B)(2), the Debtor objects to the following claim filed in this case:

**DEBTOR'S OBJECTION TO CLAIM #4 OF MICHIGAN WEST ASSOCIATION, INC.**

1. Association's Proof of Claim includes attorney's fees that are excessive and are not "reasonable" as per the Declaration of Condominium, which were not awarded by any court, nor have they been provided for in any agreement made by Debtor. Standard fees considered reasonable in this jurisdiction for prosecuting a foreclosure are approximately $3,500.00, creditor is charging over $14,000.00.

2. Association's Proof of Claim seems to contain accelerated assessments for maintenance and special assessments, that are NOT provided for in its Declaration, but pursuant to the Bylaws, which typically govern acts and powers of the Board of directors, paragraph 7.8, states as follows:

> "The Board of Directors may accelerate the remaining monthly installments for the fiscal year upon notice thereof to the apartment owner and, thereupon, the unpaid balance of the assessment shall become due upon the date stated in the notice, but not less than fifteen (15) days after the delivery of the mailing of such notice to the apartment owner."

**No such acceleration notice, containing any such language, nor any such pertinent dates have been received by debtor, OR by debtor's counsel, either by mail or electronically, and no such proof was attached to the proof of claim.** Furthermore, the acceleration power granted to the Board of Directors by the Bylaws require the passage of a resolution by the Board. No such document has been provided.

3. That it is also in question whether the Board of Directors, as per the Bylaws, has the power to accelerate all assessments, such as special assessments, which are usually pro-rated per unit square forage, or solely maintenance assessments.

4. That as per the Association's Proof of Claim filed in the Debtor's previous bankruptcy case, on January 13, 2022, reflected a total balance due of $11,536.47, including $3,500.00 charged for attys fees expended as of that date. Subsequently, little over a year later, as of July 25, 2023, The Association's claim had almost tripled to $31,493.43.

5. That Debtor's previous case paid out over $9,000.00 to the Association nine months ago, and Debtor's Plan is still attempting to cure, however the Association has now made it nearly impossible.

**WHEREFORE**, based on the above and for good cause shown, the Debtor requests that this Honorable Court Enter an Order A) Sustaining the Debtor's Objections to Claim, B) Reducing the Association's Claim to the amount of $20,000.00, C) Tolling the payment of the accelerated assessments until such time as this court can rule on the Debtor's objection in its entiriey, and any such other relief as this Court may deem just and proper.

DATED: October 11, 2023

**KENNETH S. ABRAMS, P.A.**
Attorneys for Debtor(s)
9769 S. Dixie Hwy, Ste 203

        Miami, FL 33156
        Telephone: (305) 598-1880
        Facsimile: (305) 598-1881


By:  */s/Ken S. Abrams, Esq.*
     KENNETH S. ABRAMS, ESQ.
     Florida Bar No.: 10729

LF-70 (rev. 12/01/09)